IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIMMIE CALVIN ANDERSON, | ) | |
| Plaintiff, | ) ) ) | |
| V | ) ) | 1:20CV145 |
| STEVE HIATT, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Jimmie Calvin Anderson, a pretrial detainee formerly held in the Surry County Jail, but now housed at Central Prison in Raleigh, North Carolina. Plaintiff originally raised claims against Surry County Sheriff "Jimmy Anthoney" and Head Nurse Cynthia based on allegedly inadequate medical treatment while at the Jail. Plaintiff filed a Letter Motion [Doc. #7] noting that the actual name of the Surry County Sheriff at the time he filed the case was Jimmy Combes and that the current Sheriff is Steve Hiatt. The Court treated this filing as a Motion to Amend and allowed the amendment so that Steve Hiatt was substituted as a Defendant. (Order [Doc. #9].) Defendant Hiatt thereafter filed a Motion to Dismiss [Doc. #18] under Federal Rule of Civil Procedure 12(b)(6) to dismiss the case for failure to state a claim upon which relief can be granted. Despite having been advised of his right to file a response, having been sent a copy of the Motion to Dismiss by the Court, and receiving an extension of time to respond, Plaintiff filed no response. Defendant Hiatt's unopposed Motion to Dismiss is now before the Court.

I. Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is "facially plausible" when the facts pled allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

II. Discussion

Defendant Hiatt argues that Plaintiff's claims against him should be dismissed because they are too conclusory and general to state any clam for relief. He is correct. The Complaint contains detailed accusations concerning Defendant Head Nurse Cynthia. However, as to the Sheriff, it alleges only that "[h]e is legally responsible for the Surry County Jail and for the welfare of all the detainees in that jail" (Complaint [Doc. #2] at 2) and that he "was responsible for each employee at the Surry County Jail as the Sheriff" (id. at 6). It alleges no personal involvement by the Sheriff in any of the events set out or even any contemporaneous knowledge by the Sheriff of the events. This is exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that fails to state a claim under Iqbal. In fact, the entire

basis for liability in the Complaint is based on the Sheriff's position as a supervisor. However, theories of *respondeat superior* or vicarious liability predicated solely on a defendant's identity as a supervisor do not state a claim under § 1983, and each official "is only liable for his or her own misconduct." <u>Iqbal</u>, 556 U.S. at 677. Given this, the Complaint fails to state any claim for relief against Defendant Hiatt and his Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that Defendant Hiatt's Motion to Dismiss for Failure to State a Claim [Doc. #18] be granted and that any claims against Defendant Hiatt be dismissed.

This, the 27th day of April, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge